6/17/2021 1:12 PM
Patti Flores
District Clerk
Wichita County, Texas

Katarzyna Nickell

CAUSE NO. DC78-CV2021-1254

| | | |
|---|---|---|
| HEATHER DAVIS, INDIVIDUALLY AND AS NEXT FRIEND OF D. C., A MINOR; AND DRENEA SINGLETON;<br><br>Plaintiffs,<br><br>VS.<br><br>GEORGES SIMON; AND WERNER ENTERPRISES, INC.;<br><br>Defendants. | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br><br><br>WICHITA COUNTY, TEXAS<br><br><br><br>78TH   JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Heather Davis, Individually and as Next Friend of D. C., a Minor, and Drenea Singleton file Plaintiffs' Original Petition complaining of Defendants Georges Simon and Werner Enterprises, Inc.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of over $250,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

**Exhibit A**

## III. PARTIES

Plaintiff Heather Davis is an individual resident of Wichita Falls, Wichita County, Texas. Her driver's license number is *****973 and her social security number is ***-**-*334.

Plaintiff Drenea Singleton is an individual resident of Wichita Falls, Wichita County, Texas. Her social security number is ***-**-1042.

Defendant Georges Simon's address is unknown at this time. Therefore, he cannot be served with process. Plaintiff believes that Defendant Werner Enterprises, Inc knows the address of its driver, Georges Simon, which Plaintiffs intend to obtain through written discovery.

Defendant Werner Enterprises, Inc. is a corporation doing business in Houston, Harris County, Texas and may be served with process by serving its registered agent Corporate Creations Network, Inc. at 5444 Westheimer Road, Suite 1000, Houston, Texas 77056.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Wichita County, Texas. Venue therefore is proper in Wichita County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Thursday, March 4, 2021 at or near the intersection of Central East Freeway and Old Windthorst Road within the city limits of Wichita Falls, Wichita Falls County, Texas. Plaintiff Heather Davis was operating her vehicle eastbound on East Central Freeway and was stopped at the stop sign of Central East Freeway and Old Windthorst Road in the left turning lane. Defendant Georges Simon was also operating his 18-wheeler eastbound on East Central Freeway and was stopped in the U-turn only lane, to the left of Plaintiffs. Defendant Georges Simon made an unsafe lane change into Plaintiffs' lane, colliding hard with the driver's side of Plaintiffs' vehicle. As a result of the collision, Plaintiffs were injured and continue to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE – DEFENDANT GEORGES SIMON

At the time of the motor vehicle collision, Defendant Georges Simon was operating his 18-wheeler negligently. Specifically, Defendant Georges Simon had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

2. Defendant changed lanes when unsafe to do so;

**Exhibit A**

3. Defendant failed to drive in a single lane;

4. Defendant failed to keep an assured safe distance from Plaintiffs' vehicle;

5. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question; and

6. Defendant failed to operate his 18-wheeler at a safe speed.

### B. NEGLIGENT ENTRUSTMENT – DEFENDANT WERNER ENTERPRISES, INC.

As an additional cause of action, Plaintiffs would show that at the time and on the occasion in question, Defendant Werner Enterprises, Inc. was the owner of the vehicle driven by Defendant Georges Simon. Defendant Werner Enterprises, Inc. entrusted the vehicle to Defendant Georges Simon. Defendant Georges Simon was unlicensed, incompetent, and/or reckless and Defendant Werner Enterprises, Inc. knew or should have known that Defendant Georges Simon was unlicensed, incompetent, and/or reckless. Defendant Georges Simon's negligence on the occasion in question proximately caused the collision.

### C. RESPONDEAT SUPERIOR – DEFENDANT WERNER ENTERPRISES, INC.

Additionally, Plaintiffs would show that at the time and on the occasion complained of, Defendant Georges Simon was in the course and scope of his employment with Defendant Werner Enterprises, Inc. thereby making Defendant Werner Enterprises, Inc. liable under the doctrine of *Respondeat Superior*.

### D. NEGLIGENCE – DEFENDANT WERNER ENTERPRISES, INC.

Defendant Werner Enterprises, Inc. failed to properly train and/or supervise Defendant Georges Simon in order to prevent such accident.

**Exhibit A**

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiffs.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiffs suffered extensive injuries and damages. As a result of Plaintiffs' injuries, Plaintiffs suffered the following damages:

a. Medical expenses in the past and future;

b. Lost wages in the past and loss of earning capacity in the future;

c. Property damage and loss of use of Plaintiffs' vehicle;

d. Physical pain and suffering in the past and future;

e. Mental anguish in the past and future; and

f. Physical impairment in the past and future.

## VIII. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiffs hereby give notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## IX. JURY TRIAL

Plaintiffs demand a trial by jury and include the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiffs recover judgment against Defendants for:

1. Plaintiffs' past medical expenses, which are reasonable and customary for the medical care received by Plaintiffs;

2. Plaintiffs' future medical expenses;

3. Plaintiffs' lost wages in the past and loss of earning capacity in the future;

4. Plaintiffs' property damage and loss of use of Plaintiffs' vehicle;

5. Plaintiffs' physical pain and suffering in the past and future in an amount to be determined by the jury;

6. Plaintiffs' mental anguish in the past and future in an amount to be determined by the jury;

7. Plaintiffs' physical impairment in the past and future in an amount to be determined by the jury;

8. Interest on the judgment at the legal rate from the date of judgment;

9. Pre-judgment interest on Plaintiffs' damages as allowed by law;

10. All costs of court; and

11. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: */s/ V. Paige Eldridge*
    **V. PAIGE ELDRIDGE**
    State Bar No. 24096747
    paige.eldridge@witheritelaw.com
    **SHELLY GRECO**
    State Bar No. 24008168
    shelly.greco@witheritelaw.com
    10440 N. Central Expressway
    Suite 400
    Dallas, TX 75231-2228
    214/378-6665
    214/378-6670 (fax)
    **ATTORNEYS FOR PLAINTIFFS**

SEP 2 0 2021

**Exhibit A**



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
801 US Highway 1 North Palm Beach, FL 33408

Werner Enterprises, Inc.
Sandy Wagner
Werner Enterprises
14507 Frontier Road
Omaha NE 68138

*Simon, Georges*
*2021678928*
*3-4-21*
*EMR*      09/21/2021
*Atta MP*

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2021-245

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | Field | Value |
|---|---|---|
| 1. | Entity Served: | Werner Enterprises, Inc. |
| 2. | Title of Action: | Heather Davis, Individually and as next Friend of D.C., a Minor, et al. vs. Georges Simon, et al. |
| 3. | Document(s) Served: | Citation for Personal Service<br>Plaintiffs' Original Petition |
| 4. | Court/Agency: | Wichita County 78th Judicial District Court |
| 5. | State Served: | Texas |
| 6. | Case Number: | DC78-CV2021-1254 |
| 7. | Case Type: | Negligence / Damages |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Monday 09/20/2021 |
| 10. | Date to Client: | Tuesday 09/21/2021 |
| 11. | # Days When Answer Due: Answer Due Date: | See Notes    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender: (Name, City, State, and Phone Number) | V. Paige Eldridge<br>Dallas, TX<br>214-378-6665 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 441 |
| 16. | Notes: | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408  Tel: (561) 694-8107  Fax: (561) 694-1639
www.CorporateCreations.com

**Exhibit A**

## CITATION FOR PERSONAL SERVICE - 78TH DISTRICT COURT

## THE STATE OF TEXAS

TO: Werner Enterprises, Inc., by serving Registered Agent: Corporate Creations Network, Inc., DEFENDANT, Greetings:

You are commanded to appear before the Honorable 78th District Court of Wichita County, Texas, at the Courthouse in Wichita Falls, Texas by filing a written answer, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to PLAINTIFF'S ORIGINAL PETITION, filed in said Court on this the 17th day of June, 2021 in the cause numbered DC78-CV2021-1254 on the docket of said court and styled,

Heather Davis; Drenea Singleton               Plaintiff(s),

Georges Simon; Werner Enterprises, Inc.       Defendant(s),

The nature of PLAINTIFF's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation, and made a part hereof.

The officer executing this writ shall promptly serve the same according to the requirements of law, and the mandates hereof, and make the return as the law directs.

Issued and given under my hand and the Seal of said Court at Wichita Falls, Texas, on this the 29th day of June, 2021.

By:

PATTI FLORES, Clerk
78th District Court
Wichita Courthouse
900 7th STREET ROOM 303
Wichita Falls, Texas 76301

*Rhonda Harper*
Rhonda Harper, Deputy Clerk

This copy of Citation was delivered to you on the _____ day of _____,
20_____.

_____
Sheriff/Constable/District Clerk

_____ County _____

By _____ Deputy

### IMPORTANT NOTICE

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG.

# Exhibit A

Case 7:21-cv-00103-O   Document 1-1   Filed 10/20/21   Page 11 of 16   PageID 20

Filed 10/13/2021 1:25 PM
Patti Flores
District Clerk
Wichita County, Texas
Kristyle Burns

WER.13664

CAUSE NO. DC78-CV2021-1254

| | | |
|---|---|---|
| HEATHER DAVIS, INDIVIDUALLY AND AS NEXT FRIEND OF D.C., A MINOR; AND DRENEA SINGLETON; | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | WICHITA COUNTY, TEXAS |
| GEORGES SIMON AND WERNER ENTERPRISES, INC.; | § § § § | |
| Defendants. | § | 78th JUDICIAL DISTRICT |

### DEFENDANT WERNER ENTERPRISES, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **WERNER ENTERPRISES, INC.**, a named Defendant in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury. The jury fee was previously paid by the Plaintiffs.

### III.
### AFFIRMATIVE DEFENSES

3. Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or

non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiffs' claims and alleged damages.

4. Defendant specifically pleads the affirmative defense of contributory negligence and alleges that the damages sustained by Plaintiffs, if any, were proximately caused in whole or in part by the conduct of Plaintiffs or by any other party, settling party, designated responsible third party and/or non-party. Defendant asserts that it is entitled to a reduction of damages awarded to the Plaintiffs, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

5. Defendant affirmatively pleads that it is entitled to an offset and credit in the amount of any settlements obtained by Plaintiffs for the claims in this matter from any other parties.

6. Defendant would show that Plaintiffs are limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

7. Defendant would show that Plaintiffs are limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

8. Defendant asserts that any award to Plaintiffs should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant. Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

9. Defendant contests that the subject accident resulted in all of the injuries and damages now alleged by the Plaintiffs. Defendant would show that Plaintiffs' claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused by prior and/or subsequent accidents, events, or occurrences and not the motor vehicle accident that serves the

basis of this lawsuit.

10. Defendant contends that Plaintiffs did not use ordinary care in reducing or avoiding their alleged damages, and thus failed to mitigate their damages, if any.

## IV.
## PUNITIVE AND STATUTORY DAMAGES AND FINES

11. Defendant affirmatively pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiffs are barred from recovering punitive damages from this Defendant. In the alternative, Defendant pleads the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiffs seek. Furthermore, in response to all claims to punitive or statutory damages, Defendant affirmatively pleads the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

## V.
## OBJECTION TO PLAINTIFF'S RULE 193.7 NOTICE

11. Defendant objects to Plaintiffs' Rule 193.7 Notice contained in Plaintiffs' Original Petition as premature and improper. Tex. R. Civ. P. 193.7 provides a producing party ten (10) days from the date actual notice that a document will be used to object to the authenticity of a document. Defendant has been provided with no actual notice of Plaintiffs' intent to use any particular document, and thus has no ability to object to such document's authenticity. As discovery is just beginning in this matter, Defendant cannot conceive the scope and or breadth of the documents which may be produced in this litigation, and therefore does not waive its right to raise a good faith objection to the authenticity of a document or portion of a document which may nonetheless be responsive to Plaintiffs' written discovery requests. Additionally, Defendant's notice period to object to Plaintiffs' general notice expired *before* the date its responsive pleading to the Original Petition is due.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **WERNER ENTERPRISES, INC.** prays that the Plaintiffs take nothing by this suit, that Defendant goes hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P

_____
**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**MICAH B. CHAMBERS**
State Bar No. 24100552
mchambers@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT
WERNER ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served upon all attorneys of record in this cause of action on the 13th day of October 2021.

**Via ECF:**
**V. Paige Eldridge**
**Shelly Greco**
WITHERITE LAW GROUP, PLLC
10440 N. Central Expressway, Ste. 400
Dallas, TX  75231-2228
Paige.eldridge@witheritelaw.com
Shelly.greco@witheritelaw.com
*Attorneys for Plaintiff*

_____
**DANIEL M. KARP**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sheila Daniel on behalf of Dan Karp
Bar No. 24012937
sdaniel@feesmith.com
Envelope ID: 58146930
Status as of 10/13/2021 1:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| V. Paige Eldridge | | paige.eldridge@witheritelaw.com | 10/13/2021 1:25:46 PM | SENT |

**Exhibit A**